UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRICE CANELA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security[1],<br><br>　　　　Defendant. | No.  2:20-cv-2452 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff argues that the Administrative Law Judge's treatment of the medical opinion evidence and plaintiff's testimony were erroneous.  For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant.  See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 10.)

1

## PROCEDURAL BACKGROUND

In November of 2018, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), for disabled widow's benefits under Title II, and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on July 11, 2017. (Transcript ("Tr.") at 24, 345-62.) Plaintiff's alleged impairments included migraines, breast cancer, nerve damage, and pain. (Id. at 387.) Plaintiff's applications were denied initially, (id. at 252-56), and upon reconsideration. (Id. at 258-63.)

Plaintiff requested an administrative hearing which was held before an Administrative Law Judge ("ALJ") on September 25, 2019. (Id. at 43-79.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 44-47.) In a decision issued on November 8, 2019, the ALJ found that plaintiff was not disabled. (Id. at 37.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. It was previously found that the claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.
>
> 3. The prescribed period ended on April 30, 2019.
>
> 4. The claimant has not engaged in substantial gainful activity since July 11, 2017, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 5. The claimant has the following severe impairments: history of breast cancer with chemotherapy-induced neuropathy; meralgia paresthetica; occipital neuralgia; depression; anxiety; cognitive linguistic dysfunction; and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 6. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 7. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant, who is right hand dominant, can occasionally reach overhead with the left upper extremity and all other reaching

      with the left upper extremity is frequent. She can frequently stoop, kneel, crouch, crawl, and climb ramps and stairs. The claimant can occasionally balance and climb ladders and scaffolds. She cannot work around unprotected heights and she should avoid concentrated exposure to moving mechanical parts. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks using judgment limited to simple work-related decisions. She can interact occasionally with the public, supervisors, and coworkers. The claimant is capable of occasional changes in work setting.

      8. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

      9. The claimant was born [in] 1964 and was 53 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. The claimant subsequently changed age category to advanced age (20 CFR 404.1563 and 416.963).

      10. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

      11. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

      12. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

      13. The claimant has not been under a disability, as defined in the Social Security Act, from July 11, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 27-36) (citations omitted).

      On October 23, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's November 8, 2019 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on December 10, 2020. (ECF. No. 1.)

**LEGAL STANDARD**

      "The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

////

support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

////

////

**APPLICATION**

Plaintiff's pending motion asserts the following two principal claims[3]: (1) the ALJ improperly rejected plaintiff's testimony; and (2) the ALJ's treatment of the medical opinion of Dr. Satish Sharma constituted error.[4] (Pl.'s MSJ (ECF No. 17) at 12-27.[5])

With respect to the ALJ's treatment of plaintiff's testimony, plaintiff argues "that the ALJ failed to properly evaluate her chronic pain testimony[.]" (Id. at 22.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted).  "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At

---

[3] The Court has reordered plaintiff's claims for purposes of clarity and efficiency.

[4] Because the ALJ erred with respect to the treatment of plaintiff's subjective testimony, because plaintiff requests that this matter be remanded for further proceedings, and finding that this matter should be remanded for further proceedings, the Court finds it unnecessary to reach plaintiff's claim of error concerning the treatment of Dr. Sharma's opinion. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

[5] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[6] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ recounted plaintiff's testimony as follows:

> The claimant initially alleged disability because of migraine headaches, breast cancer, meralgia paresthetica, nerve damage, loss of balance, and chemotherapy-induced peripheral neuropathy. In her Function Report, the claimant alleged that her ability to work was limited because she had constant pain and fatigue.
>
> At the hearing, the claimant testified that she continued to have depression and anxiety; however, she testified further that her medication did help. She testified that her primary problem was thinking and memory. She testified that she had trouble with words and making decisions. The claimant testified that she had pain in her legs and feet, where was worse with standing. She testified that she had constant pain in her right leg. The claimant testified that she had lymph nodes removed from her left arm so that she could not lift more than 10 pounds with the left arm, but she could lift 15 to 20

---

[6] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

> pounds with her right arm. The claimant testified further that she had residual chemotherapy related left arm pain and weakness. She testified that she could walk one block and sit for 20 minutes. She testified that she experienced migraine headaches once a week that lasted hours. The claimant testified that she could wash dishes and dust with assistance and she went grocery shopping once a week. Moreover, she testified that she attended her grandchildren's functions and went out to dinner.

(Tr. at 30-31) (citations omitted).

The ALJ found that plaintiff's "medically determinable impairments could reasonably cause be expected to cause the alleged symptoms," however plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e] decision."[7] (Id. at 31.) The ALJ went on to assert that plaintiff's alleged "physical impairments" where "not consistent with the . . . medical evidence of record," before discussing evidence the ALJ found to be "mild." (Id.)

However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Perez v. Astrue, 247 Fed. Appx. 931, 936 (9th Cir. 2007) ("That the degree of Perez's subjective complaints were not corroborated by the objective clinical findings in the ALJ's view was of no legal moment because pain is inherently an individual phenomenon."); Bunnell v.

---

[7] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" before "identify[ing] what parts of the claimant's testimony were not credible and why." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014). "The use of this generic language is not itself reversible error . . . but it inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the claimant's RFC. By rejecting a claimant's subjective symptoms 'to the extent they are inconsistent with the above residual functional capacity assessment,' the agency indicates that it is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as it is required to do." Trevizo, 871 F.3d at 679 n.6.

7

1  Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability
2  simply because a claimant fails to produce medical evidence supporting the severity of the pain,
3  there would be no reason for an adjudicator to consider anything other than medical findings.").

4  Moreover, in evaluating the medical opinion evidence the ALJ found that the medical
5  opinions of State agency medical consultants E. Trias, M.D., and A. Cepeda, M.D., were
6  "persuasive," as they were supported by explanation and were "consistent with the claimant's
7  complaints[.]" (Tr. at 33.) Doctors Trias and Cepeda, however, opined that plaintiff's medically
8  determinable impairments could "reasonably be expected to produce the [plaintiff's] pain[.]" (Id.
9  at 150, 219.) The doctors also opined that plaintiff's statements about the intensity, persistence,
10 and limiting effects of the pain were "substantiated by the objective medical evidence alone."
11 (Id.) In this regard, plaintiff's testimony was supported by two medical opinions the ALJ relied
12 on and explicitly found to be persuasive.

13 Under these circumstances the Court cannot find that the ALJ provided a clear and
14 convincing reason for rejecting plaintiff's testimony. See Brown-Hunter v. Colvin, 806 F.3d 487,
15 494 (9th Cir. 2015) ("Our review of the ALJ's written decision reveals that she did not
16 specifically identify any such inconsistencies; she simply stated her non-credibility conclusion
17 and then summarized the medical evidence supporting her RFC determination. This is not the
18 sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's
19 decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily
20 discredited."); Treichler, 775 F.3d at 1103 ("An ALJ's 'vague allegation' that a claimant's
21 testimony 'is not consistent with the objective medical evidence,' without any 'specific findings
22 in support' of that conclusion is insufficient for our review."); Christine G. v. Saul, 402
23 F.Supp.3d 913, 925 (C.D. Cal. 2019) ("the ALJ did not identify the testimony she was
24 discounting and 'link that testimony to the particular parts of the record' supporting her
25 determination").

26 Plaintiff, therefore, is entitled to summary judgment on this claim.
27 ////
28 ////

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff requests that this matter be remanded for further proceedings. (Pl.'s MSJ (ECF No. 17) at 28.) That request is appropriate and will be granted. This matter, therefore, will be remanded for further proceedings consistent with this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 18) is denied;

3. The Commissioner's decision is reversed;

////

////

////

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated:  September 23, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\canela2452.ord